(128 App. Div. 752.)

### GAGE v. CALLANAN.

(Supreme Court, Appellate Division, Third Department.  November 11, 1908.)

1. JUDGMENT (§ 252*)—CONFORMITY TO RELIEF PRAYED.

   The law allows the molding of a judgment to conditions existing at the time of the judgment.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

2. LIENS (§ 22*)—ACTION TO ENFORCE—JUDGMENT.

   Where at the time an action to enforce a double lien for repairs on defendant's automobile and for storage thereof was commenced, plaintiff had possession of the machine, asserting his lien, and thereafter the machine was lawfully taken from him by virtue of a prior lien, a money judgment for plaintiff was proper.

   [Ed. Note.—For other cases, see Liens, Dec. Dig. § 22.*]

3. LIENS (§ 22*)—EVIDENCE.

   In an action to foreclose a double lien for repairs on and for storage of defendant's automobile, evidence *held* not to show that the lien of the machinist was prior to plaintiff's lien for storage, or that the surrender of the car by plaintiff after the sale on the machinist's lien was not a voluntary one.

   [Ed. Note.—For other cases, see Liens, Dec. Dig. § 22.*]

4. JURY (§ 13*) — RIGHT TO JURY TRIAL — LEGAL OR EQUITABLE CAUSE OF ACTION.

   Where, in an action to enforce a double lien for repairs on and for storage of defendant's automobile, it appeared that plaintiff had voluntarily

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

surrendered the car after a sale on an artisan's lien, which was not shown to be prior to plaintiff's lien for storage, defendant was entitled to a jury trial of the issue as to plaintiff's claim for storage and the amount thereof.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 13.*]

Kellogg and Chester, JJ., dissenting.

Appeal from Special Term, Saratoga County.

Action by William M. Gage against James J. Callanan. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

For prior report, see 57 Misc. Rep. 479, 109 N. Y. Supp. 844.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. Sanford Potter, for appellant.
Henning & Eddy (John L. Henning, of counsel), for respondent.

SMITH, P. J.   This action was brought to foreclose a double lien for repairs upon and for storage of the defendant's automobile. The plaintiff is the owner of a garage in the city of Saratoga, and the defendant's chauffeur directed plaintiff to take the machine to his garage and to make necessary repairs thereupon. In pursuance of this instruction the machine was taken to the plaintiff's garage, and a numbers of letters were written by the plaintiff to the defendant, asking what should be done in reference to the making of the repairs. These letters were ignored by the defendant, and after nine months' delay the repairs were made upon the machine, to the amount of several hundred dollars, and this action was brought to enforce a lien upon the said machine for the value of the storage for the nine months during which it was held and for the value of the repairs. The trial judge found that the repairs were of permanent nature, which the chauffeur had no authority to direct, and therefore that the plaintiff had no lien upon the machine for the making thereof. He found, however, that the storage of the machine was lawfully made in behalf of the defendant, and that the value thereof was $250. Judgment was thereupon directed against the defendant for $250 and costs.

One of the contentions made by the appellant is that in this equity action to enforce a lien a money judgment was not authorized. The plaintiff's reply to this contention is that after the commencement of the action the machine was taken from the plaintiff's possession by reason of a sale upon an artisan's lien filed for the making of part of these repairs, while the machine was in the plaintiff's possession.

The law unquestionably allows the molding of a judgment to conditions existing at the time of the judgment. When the action was commenced the plaintiff had possession of the machine, asserting his lien. If thereafter the machine was lawfully taken from him by virtue of a prior lien, undoubtedly this money judgment was proper. The difficulty, however, is that the evidence does not show that the machine was lawfully taken from him by virtue of a prior lien. The evidence upon that subject is contained in a few sentences, and reads as follows:

"I think the car now is in Mr. Maybee's stable. I think it has been sold to satisfy a lien of Mr. Connor. I think it brought $50. Mr. Connor is a ma-

chinist who put some of those repairs on the machine. It appears that I did not pay him, and he served notice of lien, and afterwards went on and sold the machine."

There is nothing in this evidence to show that the lien of this artisan was prior to the lien of the plaintiff for the storage of the machine, and nothing to show that the surrender of the machine after the sale upon the artisan's lien was not a voluntary surrender on the part of the plaintiff. The artisan never had such a possession as is necessary to give him a lien. He was apparently a servant of plaintiff. The machine was at all times in plaintiff's possession. The voluntary surrender of possession by plaintiff, if it does destroy his lien, cannot deprive defendant of his right to a jury trial of the issue as to plaintiff's right to claim for storage and the amount thereof. We are of opinion, therefore, that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., dissenting, in opinion in which CHESTER, J., concurs.

JOHN M. KELLOGG, J. (dissenting). The complaint contained all the allegations necessary in an action to recover for the repairs and storage of the car. It also alleged a lien therefor, and in the prayer for relief sought the foreclosure of such lien and "that the plaintiff have such other or further relief as may be just." The evidence tended to show a personal liability against the defendant for the storage of the car. It also tended to show that one Connor, a machinist, who had done some work upon it, asserted a lien, and had foreclosed the lien and sold the car, and it had been taken by the purchaser from the plaintiff's possession. This evidence was not contradicted, and the defendant did not call for the particulars of Connor's claim, or the manner and circumstances of the sale of the machine.

At the close of the plaintiff's case the defendant moved for a dismissal of the complaint "upon grounds to be subsequently stated." The defendant then put in his evidence, and the case was submitted to the justice for decision. No further motion for judgment or nonsuit was made. No objection or question was raised during the trial as to the form of the pleadings or the form of judgment to be entered, and the only substantial contention by the appellant here, and apparently for the first time, is that the judgment "deprives the defendant of his substantial right to have the car sold and the proceeds applied to satisfy the lien and payment to him of the surplus." That statement is intended to show the real grievance which the defendant has suffered, and it is now for the first time urged that the recovery is not justified by the pleadings. If, at the trial, objection had been made in any manner to the form of the complaint, or if it had been urged that, the machine having been taken from the plaintiff's possession by foreclosure of a lien against it, a money judgment could not be recovered especially if the foreclosure was collusive, the questions now urged might be of some importance; but it is probable, if such objections had been urged, the plaintiff would have escaped their effect by seek-

ing an amendment to his complaint or by the introduction of further evidence.

The case having been submitted upon the evidence and pleadings, without any objection to the evidence or to the form of the complaint, the justice was justified in rendering any decision consistent with the facts, without regard to technicalities based upon the form of the complaint. All such objections were waived, and the case stands here solely upon the question whether the judgment is justified by the evidence. It is now too late for the appellant to urge these questions of practice and pleading, which were overlooked or waived upon the trial.

I therefore favor an affirmance of the judgment.